UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
--------------------------------------------------------x
MILK WAGON DRIVERS & DAIRY EMPS.,

                Plaintiffs,

                                                                         MEMORANDUM AND ORDER

        -against-                                                 13 Civ. 5083 (ILG)

ELMHURST DAIRY, INC., et al.,

                Defendants.
--------------------------------------------------------x

        Plaintiffs, employees of Elmhurst Dairy, Inc. ("Elmhurst Dairy"), bring this action against defendants Elmhurst Dairy and the Milk Wagon Drivers and Dairy Employees, Local 584, International Brotherhood of Teamsters, the union representing certain employees of Elmhurst Dairy ("Local 584," and together with Elmhurst Dairy, "defendants"), seeking to have the award issued in an arbitration between Elmhurst Dairy and Local 584 vacated. Specifically, plaintiffs assert that Elmhurst Dairy violated its collective bargaining agreement ("CBA") with Local 548, that Local 584 failed to fairly represent plaintiffs at the arbitration, and that the defendants together misled the arbitrator and manipulated the arbitration process. Currently before the Court is plaintiffs' motion to remand the case to New York state court pursuant to 28 U.S.C. § 1447. For the reasons that follow, plaintiffs' motion is DENIED.

## BACKGROUND

        Plaintiffs initiated this action by filing a Verified Petition in the Supreme Court of the State of New York, County of Queens on September 3, 2013. Dkt. No. 19, Ex. A ("Verified Petition"). Defendants filed a joint notice of removal in this court on September 12, 2013. Dkt. No. 1. On October 11, 2013, plaintiffs moved to remand the case to New York state court

1

pursuant to 28 U.S.C. § 1447. Dkt. No. 14 ("Pls.' Mot."). Defendants each filed an opposition on October 25, 2013. Dkt. Nos. 20 & 21. Plaintiffs filed a reply on November 12, 2013. Dkt. No. 23 ("Pls.' Reply"). In their reply, plaintiffs conceded that there is "no legal precedence [sic] for remanding this matter to State Court" but did not withdraw their request for remand. Id. at 1.[1]

A civil action may be removed from state court to the district court "for the district and division embracing the place where such action is pending" if the federal court has "original jurisdiction" over the action. 28 U.S.C. § 1441(a). Such jurisdiction may be based on either diversity or federal question, so long as such jurisdiction is apparent on the face of the plaintiff's well-pleaded complaint. Caterpillar Inc. v. Williams, 482 U.S. 386, 392 (1987). Once a case has been removed, 28 U.S.C. § 1447 authorizes a court to remand a case "on the basis of any defect in removal procedure or because the district court lacks subject matter jurisdiction." LaFarge Coppee v. Venezolana De Cementos, S.A.C.A., 31 F.3d 70, 72 (2d Cir. 1994) (quotation omitted). "On a motion to remand, the party seeking to sustain the removal, not the party seeking remand, bears the burden of demonstrating that removal was proper." Wilds v. United Parcel Serv., Inc., 262 F. Supp. 2d 163, 171 (S.D.N.Y. 2003) (quotation omitted). If the removing party fails to meet this burden, the case must be remanded. Bellido-Sullivan v. Am. Int'l Grp., Inc., 123 F. Supp. 2d 161, 163 (S.D.N.Y. 2000).

## DISCUSSION

Plaintiffs do not assert that there was any defect in removal procedure, and, indeed, defendants' notice of removal complied with the requirements of 28 U.S.C. § 1446(b)—it was filed well within the 30-day limit with the consent of both defendants. Plaintiffs instead assert

---

[1] Acknowledging that "there may be no legal precedence [sic] for remanding this matter to State Court" in her "Reply in Support" of the Motion to Remand, but nevertheless filing and proceeding with it, counsel also acknowledges either unfamiliarity with or an indifference to Rule 11, Fed. R. Civ. P. and its provision for sanctions.

2

that Local 584's consent to the removal demonstrates that Local 584 has aligned itself with Elmhurst Dairy, which is "proof positive" that Local 584 breached its duty of fair representation and was complicit with Elmhurst Dairy in manipulating the arbitration process. Pls.' Mot. at 3–4. Plaintiffs explain that their "lack of confidence and paranoia based on following [sic] their union's decision to take this matter to arbitration, makes them suspect anything the union proposes particularly in conjunction with the employer." Pls.' Reply at 1. They appear to concede that this does not constitute a legitimate ground for remand. Id.

Although plaintiff does not assert that this Court lacks subject matter jurisdiction over this action, defendants "bear[] the burden of demonstrating that removal was proper." Wilds, 262 F. Supp. 2d at 171. Defendants have met their burden. In the Verified Petition, plaintiffs allege that Elmhurst Dairy breached its CBA with Local 584, and indeed style their second cause of action "Breach of the Collective Bargaining Agreement." Verified Petition at 11. More specifically, plaintiffs allege that Local 584 breached its duty to fairly represent plaintiffs, frustrating plaintiffs' attempts to exhaust the arbitration procedures provided for in the CBA. Id. at 11–12. Such a claim constitutes a "hybrid § 301/fair representation claim." See DelCostello v. Int'l Bhd. of Teamsters, 462 U.S. 151, 163–64 (1983. Section 301 of the Labor Management Relations Act provides a federal cause of action for breach of a collective bargaining agreement. 29 U.S.C. § 185; UAW v. Hoosier Cardinal Corp., 383 U.S. 696, 697 (1966). And to the extent that plaintiffs assert state law claims related to the breach of the CBA,[2] section 301 preempts those claims. Hawaiian Airlines, Inc. v. Morris, 512 U.S. 246, 261 (1994) ("where the resolution of a state-law claim depends on an interpretation of the CBA, the

---

[2] The Verified Petition does not indicate whether plaintiffs' claims are based on federal or state law. Verified Petition at 1, 10–11. In requesting remand, plaintiffs do not argue that the claims asserted in the Verified Petition involve state law.

claim is pre-empted"); Caterpillar, 482 U.S. at 394 ("The pre-emptive force of § 301 is so powerful as to displace entirely any state cause of action for violation of contracts between an employer and a labor organization. Any such suit is purely a creature of federal law . . . .") (quotation omitted). Accordingly, this court has subject matter jurisdiction over these claims and the action was appropriately removed to this court.

## CONCLUSION

For the foregoing reasons, plaintiffs' motion is DENIED.

SO ORDERED.

Dated:   Brooklyn, New York
         December 26, 2013

                                            _____/s/_____
                                            I. Leo Glasser
                                            Senior United States District Judge